**DISMISS; Opinion Filed September 21, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00222-CR**

**DANIEL MORGAN CROW, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Grayson County, Texas**
**Trial Court Cause No. 2019-1-0957**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Evans
Opinion by Justice Nowell

Daniel Morgan Crow was convicted in the Van Alstyne Municipal Court of

the traffic offense of speeding and assessed a $224 fine. He appealed to Grayson

County Court at Law. Following a de novo trial before the court, appellant was

again convicted and assessed a $100 fine. Appellant then filed a pro se notice of

appeal of the judgment of the Grayson County Court at Law.

The reporter's record, due April 13, 2020, was not filed. We notified court

reporter Deana West and directed her to file the (1) reporter's record, (2) written

verification no hearings were recorded, or (3) written verification appellant had not

requested the reporter's record. On April 17, 2020, Ms. West confirmed she reported the nonjury trial, but that appellant had not requested the reporter's record. We then notified appellant by letter dated April 20, 2020 and directed him to provide the Court with (1) notice that appellant requested preparation of the reporter's record, and (2) written verification that he paid or made arrangements to pay the reporter's fee documentation or that he had been found to be entitled to proceed without payment of costs. We cautioned appellant the failure to do so would result in the appeal being submitted without the reporter's record. Appellant did not respond, and we ordered the appeal submitted without the reporter's record. We also ordered appellant's brief filed June 10, 2020. When it was not filed, we directed appellant to file his brief and an extension motion by June 25, 2020. On August 5, 2020, we ordered appellant to file his brief by August 17, 2020, cautioning him that the failure to do so would result in the Court taking whatever action it deemed appropriate, including dismissing his appeal. Appellant has not responded to the Court's letters or orders.

When a case arising in the justice or municipal courts is appealed to the county court, county criminal court, or county court at law, and the fine imposed by that court does not exceed $100, this Court lacks jurisdiction "unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based." TEX. CODE CRIM. PROC. ANN. art. 4.03; *Montpas v. State*, 997 S.W.2d 650, 651 (Tex. App.—Dallas 1999, no pet.) (quoting article 4.03); *Marzett v. State*, No. 05–15–

–2–

00147–CR, 2016 WL 1679744, at *1 (Tex. App.—Dallas Apr. 25, 2016, no pet.) (mem. op., not designated for publication).

The record in this case shows appellant appealed his conviction by the Van Alstyne Municipal Court to the Grayson County Court at Law, where he was convicted in a trial de novo and fined $100. Because his fine does not exceed $100, we would have jurisdiction over his appeal only if he challenged the constitutionality of a statute or ordinance on which his conviction was based. By not filing a brief raising a constitutional challenge, appellant has failed to invoke our jurisdiction.

We dismiss this appeal for want of jurisdiction.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200222F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL MORGAN CROW,
Appellant

No. 05-20-00222-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at
Law, Grayson County, Texas
Trial Court Cause No. 2019-1-0957.
Opinion delivered by Justice Nowell.
Justices Myers and Evans
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want
of jurisdiction.

Judgment entered this 21st day of September, 2020.